194 N.J. Super. 333 (1984)
476 A.2d 888
S.T.C. CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF-RESPONDENT,
v.
THE PLANNING BOARD OF THE TOWNSHIP OF HILLSBOROUGH, SOMERSET COUNTY, NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 11, 1984.
Decided June 15, 1984.
*334 Before Judges FRITZ, FURMAN and DEIGHAN.
Harman R. Clark, Jr., attorney for appellant.
*335 Wilentz, Goldman & Spitzer, attorneys for respondent (Morris Brown, Stephen E. Barcan and Brian J. Molloy, of counsel and on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
We affirm substantially for the reasons stated by Judge Gaynor in his written opinion of March 8, 1983. We add the following.
The judgment below reversed the denial of site plan approval for a fuel oil storage facility and remanded "for the granting of site plan approval subject to such reasonable and necessary conditions as are appropriate to the proposed use and as may be imposed by the Planning Board in accordance with its statutory site plan review function." In our view, such reasonable and necessary conditions should include but are not limited to requirements that plaintiff S.T.C. Corporation assure an adequate water supply for its facility, that is, through the existing connection to the adjoining Federal Government water system or through a connection to be installed to a nearby public utility water main; and that it contribute to any off-site street improvements which are rendered necessary because of the heavy truck and other vehicular traffic to be generated by its proposed use over one or both of the public roads providing access to the site, N.J.S.A. 40:55D-42.
In December 1981, about ten months after the denial of preliminary site plan approval, a zoning amendment prohibiting plaintiff's proposed use was adopted. N.J.S.A. 40:55D-49 vests rights for three years, upon the granting of preliminary site approval, against zoning amendments barring or restricting the proposed use of the site, Bleznak v. Township of Evesham, 170 N.J. Super. 216 (Law Div. 1979). On the appeal before us, preliminary site approval was denied, not granted.
*336 We nevertheless apply N.J.S.A. 40:55D-49 in plaintiff's favor. As determined by Judge Gaynor, preliminary site plan approval should have been granted on the record before the Planning Board. Under general equitable principles, plaintiff should have the benefit of the statutory protection against a change in use requirements as if preliminary site plan approval had been granted in accordance with law; plaintiff should not forfeit its proposed use because of Planning Board error.
We reject as inapposite general authorities that the zoning ordinance in effect at the time of a judicial decision controls, see Kruvant v. Mayor & Council Tp. of Cedar Grove, 82 N.J. 435, 440 (1980). Upon preliminary site plan approval, unlike, for example, the issuance of a building permit, rights vest by statute and the successful applicant is entitled to three years' protection against a change in use requirements. We agree, therefore, with Judge Gaynor's conclusion that the ordinance amendment of December 1981 is inapplicable to plaintiff's proposed use.
We affirm.