WILLIAM J. SHEPP, RELATOR, v. THE CITY OF CAMDEN, GEORGE E. BRUNNER, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE OF THE CITY OF CAMDEN, AND E. GEORGE AARON, DIRECTOR OF THE DEPARTMENT OF PUBLIC AFAIRS OF THE CITY OF CAMDEN, RESPONDENTS.

Argued May 3, 1944—Decided July 31, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the relator, *William J. Shepp, pro se.*

For the respondents, *John L. Morrissey* (*Norman Heine,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is on a return of a rule to show cause why a peremptory writ of *mandamus* should not issue commanding the Revenue and Finance Director of the City of Camden, George E. Brunner, to restore William J. Shepp, the relator herein, to his position as assistant city counsel in that municipality. The Director of the Department of Public Affairs, E. George Aaron, has been added as a party for the reason that since the allowance of the rule on February 14th, 1944, it appears that thereafter, on March 9th, 1944, the legal bureau of Camden was, by resolution of the Board of Commissioners, transferred and assigned to the Department of Public Affairs. The municipality conducts its affairs under the provisions of the commission form of government statute. It has also adopted the civil service statute.

It appears that the relator was appointed to the post of assistant city counsel of the City of Camden on May 1st, 1938, and that he continued to function as such until July 15th, 1942, at which time he was peremptorily dismissed without cause. An appeal to the Civil Service Commission resulted in a determination by that body on September 1st, 1942, that Mr. Shepp was in the exempt division of the classified service of the municipality and therefore protected from dismissal unless for cause. The dismissal of Mr. Shepp was set aside with the direction that he be restored to his position as assistant city counsel as of the date of his dismissal. On *certiorari* this court affirmed *Camden* v. *Civil Service Commission,* 129 *N. J. L.* 354, holding that Mr. Shepp held a position, not an office, and that the position he held was comprehended by and

included in the exempt class of the classified service as delineated in *R. S.* 11:22–26. On appeal the Court of Errors and Appeals affirmed the judgment of the Supreme Court (130 *N. J. L.* 532).

The *remittitur* from the Court of Errors and Appeals went down September 24th, 1943. No action was taken by the municipality to restore the relator to his position but on October 14th, 1943, Mr. Shepp was advised, in writing, by Director Brunner that since he had been absent "for a period of longer than five successive days without leave &ast; &ast; &ast; such absence is hereby considered your resignation from employment." At the same time he received his salary in full from the date of his dismissal, up to October 13th, 1943.

On being dismissed for a second time the relator gave notice of application for *mandamus* to compel his restoration. At the same time Mr. Shepp appealed to the Civil Service praying that the second dismissal be set aside. The application for *mandamus* was continued pending the appeal to the Civil Service Commission. On January 4th, 1944, the Civil Service Commission determined that the action of the Director of Revenue and Finance, removing the petitioner from his post in the legal department of Camden, should be set aside and the director was ordered to restore Mr. Shepp forthwith to his position as of the date of the second dismissal. As a result of all this Mr. Shepp was directed to return to duty on January 10th, 1944, at the legal department of the city. He did so and was then and there instructed by the city counsel, Mr. Morrissey, to report to the office of the overseer of the poor where he was given a written directive from the city counsel that henceforth he was assigned to the office of the overseer of the poor and to do any legal work incident to the operation of that department, which included interviewing parties complainant, drafting complaints, performing all court work connected with the bureau, and the like. The depositions show that the relator performed the work incident to the Relief Department of the Bureau of Charities for one week when he complained to the finance director that this assignment was not a restoration to the position which formerly he enjoyed and that unless restored to that post he

would seek redress in the courts. Thereafter on February 14th, 1944, this rule was allowed.

The reasons advanced to us for the allowance of a writ are that the relator has not been in fact restored to the position formerly held by him; that he has been given a subordinate place; that his present duties are assigned to him only as a pretense of compliance with the order of the tribunals who directed his restoration; that his present duties are an employment rather than a position in the legal sense, and that the duties now being performed by the relator pertain not at all to the office of city counsel, wherein he was an assistant, and therefore may not be assigned to him by such city counsel, and, finally, that *mandamus* is the proper remedy.

The argument of the relator is inconsistent from a legal standpoint. As the holder of a position, *i. e.*, assistant city counsel, he cannot be said to hold a place in the governmental system created or recognized by the law of the state which either directly or by delegated authority assigned to the incumbent thereof continuous performance of certain permanent, public duties. If such was his status he would be an officer. See *Fredericks* v. *Board of Health*, 82 *N. J. L.* 200; *Wilentz* v. *Stanger*, 129 *Id.* 294. His status is quite different. While his duties may be permanent and certain yet they may be non-governmental and not created by any public law of the state. Compare *Brodman* v. *Rade*, 101 *N. J. L.* 207. Nor are the ordinances of the City of Camden helpful to the relator's argument. Therein, under section 34, the duties of the assistant city counsel are delineated. It is ordained that the assistant city counsel has the duty of assisting the city counsel and performing such duties as may be imposed upon him by the ordinances of the municipality and as shall from time to time be required by him by the said city counsel. And it is further provided that the assistant city counsel shall perform all his duties under the direction and authority of the city counsel.

The duties that Mr. Shepp presently performs are, in the opinion of the city counsel, necessary for the operation of the Relief Bureau. It is legal work and should not be

regarded as unimportant. That *mandamus* was available to the relator to compel his restoration to his post is not to be denied. Both the Civil Service Commission and this court and the Court of Errors and Appeals determined that his arbitrary dismissal was without justification under the law. *Mandamus* lies to compel performance of a plain duty and certainly the court's prerogative writ may be invoked in aid of its judgment. But this is a far cry from holding that such writ, in a case of this character, shall provide for a precise character of service to be rendered by the relator which shall include certain types of duty and exclude others. Such an order would virtually regulate the manifold and diversified tasks that arise day by day in the legal department of a large city. The relator has been restored to his position and pay as assistant city counsel. The duty presently assigned him is legal in character. It is within the competence of the city counsel to make the assignment in the legal department, as he has done in the case of the relator. If the legal duties assigned to the relator are not exactly to his liking—still he may not be eclectic in the circumstances. If the relator has any redress for his complaint it is not by way of *mandamus*.

In fine, we do not believe it to be within our competence to prescribe exactly the duties which shall be assigned to the relator in the legal department of the municipality. There may or may not be valid reasons for having assigned the relator to the performance of other and different duties than he formerly managed in the department. On the other hand it may be that the broad principles underlying Civil Service are not being observed in this instance. However that may be, we cannot, on an application for *mandamus,* undertake such investigation.

The instant application is denied and the rule discharged, with costs.