76 N.J. Super. 546 (1962)
185 A.2d 50
ETHEL YAHNEL, JACK AND IRMA SAUERMAN AND RUDOLPH AND MARY ANN WOLFINGER, PLAINTIFFS,
v.
BOARD OF ADJUSTMENT OF JAMESBURG, N.J., MAYOR AND BOROUGH COUNCIL OF JAMESBURG, N.J., FRANK PERGOLA, BUILDING INSPECTOR OF JAMESBURG, NEW JERSEY BELL TELEPHONE COMPANY, A CORPORATION OF NEW JERSEY, AND MICHAEL AND ROSE SEMINARA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 15, 1962.
*548 Mr. Frederick F. Richardson for plaintiffs.
Mr. Guido J. Brigiani for defendants Board of Adjustment and Borough of Jamesburg.
Messrs. Starr, Summerill & Davis for defendants New Jersey Bell Telephone Company and Michael and Rose Seminara.
MOLINEUX, J.C.C.
This is an action in lieu of prerogative writ to review the action of the Board of Adjustment of the Borough of Jamesburg in recommending, and the action of the Borough Council of said Borough in granting, a variance for the construction by the defendant New Jersey Bell Telephone Company of a wire center proposed to be built upon lands and premises located on the southerly side of Forsgate Drive. The lands and premises in question are owned by the defendants Michael and Rose Seminara, who have given to the telephone company an option to purchase. The building inspector of the Borough of Jamesburg is also made a party defendant herein.
An application for a permit to construct said building was made to the building inspector. Inasmuch as the property in question was located in a Residence "A" zone, the building inspector denied the granting of the permit. An appeal was taken to the Zoning Board of Adjustment. The application for a variance was made under subsection (d) of N.J.S.A. 40:55-39. This matter is therefore a "special reason" case.
The matter was heard by the Board of Adjustment on September 14, 1961, and was granted on September 28. *549 1961. The Borough Council approved the recommendation on November 8, 1961. Thereafter, on December 13, 1961, plaintiffs filed their complaint by way of action in lieu of prerogative writ. The matter came on for pretrial on February 2, 1962, at which time it appeared that the action of the Board of Adjustment contained no findings of fact, nor was there a stenographic record made of such proceedings. An order was then entered by this court on said date, remanding the matter to the Board of Adjustment with directions. Pursuant to said order a second hearing was held on March 29, 1962, of which a stenographic record was made. On May 24, 1962, the Board passed a resolution incorporating its findings of fact and its reasons for recommending a variance. Thereafter on June 12, 1962, the Borough Council approved the variance.
It is the second action of the Board of Adjustment and of the Borough Council which is presently before this court. Plaintiffs allege that the action of the Board of Adjustment and the Borough Council is arbitrary and capricious and not supported by the record below.
Initially, plaintiffs raise certain procedural issues which require consideration of the court.
(1) On the occasion of the action by the Board of Adjustment on May 24, 1962, the plaintiffs made application to the Board for an opportunity to submit further evidence. Such application was denied. It is said that this action constituted an abuse of discretion and that the matter should again be remanded with instructions to the Board to consider such evidence as the plaintiffs presently wish to submit.
At the termination of the hearing of the Board on March 29, 1962, the plaintiffs made no application for a continuance of the hearing, nor did they take any steps to apprise the Board of their request until May 24, 1962, at which time the Board was prepared to act. Presumably the postponement by the Board of any action from March 29, 1962, the date of the hearing, to May 24, 1962, was for the purpose of giving the members of the Board an opportunity to study the record. *550 No reason is given for plaintiffs' failure to make any application for a continuance until May 24, 1962. The need for speedy disposition of matters of this nature is obvious. We hold that the action of the Board in denying plaintiffs' application on May 24, 1962, was not, under the circumstances, an abuse of the discretion vested in the Board.
(2) Plaintiffs contend that the granting of the variance is illegal by reason of the fact that the Jamesburg Board of Adjustment failed to adopt, pursuant to the directions of N.J.S.A. 40:55-37 and in accordance with the directions of the Zoning Ordinance, Section XIV, par. 4, rules governing the conduct of its business. Both the statute and the ordinance use the word "shall." It has been held that whether or not such word constitutes a mandatory direction or establishes merely an authority depends upon the intent of the enacting body. See In re Munson-Lied Co., 68 N.J. Super. 281 (App. Div. 1961). Apparently no rules were ever adopted by the Jamesburg Board of Adjustment.
It is not necessary for us to decide whether the direction of the statute is mandatory. Assuming without deciding that such direction is mandatory in nature, it would not necessarily follow that in the absence of such rules, all actions of the Board are nugatory. Plaintiffs have failed to show in what respect they were harmed by lack of such rules. From the record it is clear that plaintiffs had a full opportunity to present their case to the Zoning Board of Adjustment. The failure of the Board to adopt rules is held not to be destructive of the Board's recommendation of a variance.
(3) It is said by plaintiffs that the action of the Planning Board herein is impinged by reason of the admitted fact that one of the members of the Board voting in favor of the variance was at such time an elected member of the Board of Education of the Borough of Jamesburg, which, it is said, is in contravention of N.J.S.A. 40:55-36, which latter statute sets up the composition of the Board of Adjustment as five in number "who shall not hold any elective office or position under the municipality." It is said that the Board of *551 Education is encompassed within the term "the municipality" as set forth in the statute.
N.J.S.A. 40:55-1.2 defines municipality as follows:
"`Municipality' means any city, borough, town, township or village."
Of interest, although not dispositive of the issue, are the definitions of mayor and governing body:
"`Mayor' means the elected official who serves as the chief executive of the municipality, whatever his official designation may be."
"`Governing body' means the chief legislative body of the municipality. In cities having a board of public works `governing body' means such board."
It is obvious from these three definitions that the "municipality" referred to in section 36 is the Borough of Jamesburg and not the Board of Education of the Borough of Jamesburg. That such two corporations are separate and distinct is clear from Botkin v. Mayor and Borough Council of Borough of Westwood, 52 N.J. Super. 416 (App. Div. 1958). Plaintiffs cite in support of their position Doyle v. Board of Education of City of Bayonne, 54 N.J.L. 313 (Sup. Ct. 1892). Such case holds merely that the words of the statute there under interpretation, to wit, "any board of aldermen, common council, township committee, or other municipal board or body," include a member of the Board of Education in the City of Bayonne. The words "the municipality" may legitimately receive different interpretations depending upon the intent of the Legislature as expressed in the statute. As to N.J.S.A. 40:55-1.2 the Legislature has given us the definition of "the municipality" which patently does not include the Board of Education. The holding in Doyle v. Board of Education of City of Bayonne is not applicable.
Plaintiffs also cite Shepp v. City of Camden, 132 N.J.L. 59 (Sup. Ct. 1944). A reading of that case fails to disclose its materiality. The other case cited by plaintiffs is S & L *552 Associates, Inc. v. Washington Twp., 61 N.J. Super. 312 (App. Div. 1960). This case is likewise not applicable. A proper interpretation of N.J.S.A. 40:55-36 requires a holding that such statute does not preclude the appointment to a Board of Adjustment of an elected member of a Board of Education located within the municipality.
(4) It is contended by plaintiffs that the approval of the Borough Council is invalid by reason of the fact that it conditioned its approval in three respects. The alleged invalidity arises out of the claim that such conditions should have received the approval of the Board of Adjustment. The conditions are as follows:
"a. Compliance by the New Jersey Bell Telephone Company with all Municipal, State and Federal regulations concerning the proposed building and the use thereof.
b. The proposed building to be built in substantial conformity with the plans on file with the Board of Adjustment.
c. The proposed building to be completed within 1 year from the date hereof and the use initiated within the same time."
No authority has been cited for the position here taken. That a variance may be subject to conditions is patently clear. See Borough of North Plainfield v. Perone, 54 N.J. Super. 1 (App. Div. 1959); State v. Farmland-Fairlawn Dairies, Inc., 70 N.J. Super. 19 (App. Div. 1961). Whether such conditions must be approved by the Board of Adjustment appears never to have been decided. However, an examination of these conditions will show that conditions (a) and (b) are superfluous inasmuch as the telephone company would be obliged to comply with the standards therein referred to whether or not they were set forth as conditions. As to condition (c), it is a limitation on the right of the telephone company to construct the building and its existence in no way prejudices the plaintiffs. Under the circumstances of this case, we find no reason for requiring approval of these "conditions" by the Board of Adjustment.
(5) Plaintiffs further contend that the telephone company submitted insufficient plans and specifications to the building *553 inspector, and that this is a defect which is fatal to this application. There is no merit to this argument.
The purpose of requiring a building permit is to afford the municipality the opportunity to make sure the proposed building conforms to the pertinent ordinances. Tremarco Corp. v. Garzio, 55 N.J. Super. 320, 326 (App. Div. 1959); reversed on other grounds, 32 N.J. 448.
The drawings and plans submitted with the application to the building inspector, while perhaps not conforming to the detail required by the borough ordinance, were sufficiently detailed to notify the inspector that the proposed use would not conform to the zone plan. The ordinance requires no more from an application. Under such circumstances, the building inspector had no alternative but to deny the application, since the governing body cannot act in violation of their zoning ordinance. Michaels v. Township Committee of the Township of Pemberton, 3 N.J. Super. 523 (Law Div. 1949).
(6) Plaintiffs claim that the Board of Adjustment has no jurisdiction over the activities of the defendant, the New Jersey Bell Telephone Company, in that the regulation of such public utility is confined to the New Jersey State Board of Public Utilities.
R.S. 40:55-50 provides that no zoning ordinance or regulation shall apply to the buildings or structures of a public utility if, upon the petition of such public utility, the Board of Public Utilities Commissioners shall, after hearing upon notice, decide that the proposed building is reasonably necessary for the service, convenience and welfare of the public. From the fact that the aforementioned statute encompasses an application by the utility to the Board of Public Utilities Commissioners for freedom from the application of the zoning ordinance, it necessarily follows that in the absence of such application, the utility is required to conform to the zoning ordinances of the municipality in which they propose to erect a building. See In re Public Service Electric and Gas Company, 35 N.J. 358 (Sup. Ct. 1961). In that case *554 it is suggested at page 375 that buildings or structures in the nature of telephone exchanges, truck garages or water tanks would be subject to local regulations. In the instant case, inasmuch as the telephone company has not made application to the Board of Public Utilities Commissioners, it is held that in the erection of the building in question, it is subject to the zoning ordinances of the borough.
The principal contention of the plaintiffs arising herein is that the defendants' testimony, submitted at the hearing before the zoning board, was not sufficient to justify the granting of a variance for a special reason under the provisions of subsection (d) of the statute. Were sufficient "special reasons" disclosed by the evidence to warrant the granting of the variance? Was there sufficient evidence to justify a finding of the negative criteria of that statute?
There is no need in this opinion to review the tortuous history of the interpretation of subsection (d) as revealed by the numerous holdings of our Supreme Court. See 9 Rutgers L. Rev. 709, 11 Rutgers L. Rev. 107, 14 Rutgers L. Rev. 86. It suffices to point out that in the recent case of Black v. Town of Montclair, 34 N.J. 105 (Sup. Ct. 1961), a unanimous court stressed the broad powers to be given to municipal bodies in this field. The court said, relying on Andrews v. Board of Adjustment of Ocean Township, 30 N.J. 245 (1959):
"But since the officials had presumably evaluated it [application for variance] in that light and had conscientiously exercised their discretion in favor of the granting of the application, the issue before the court became a different one for it is acknowledged that, on judicial review, the court will not consider whether it would have originally granted the application if it were the local body but will permit the local action to stand in the absence of an affirmative showing that it was arbitrary, capricious or in abuse of the discretionary municipal authority. The court determined that under the particular circumstances presented by the record before it, the action of the local officials could not be denounced as arbitrary or capricious and that there was consequently `no basis for judicial intervention.'"
Evaluating the testimony offered herein in this light, we find no affirmative showing that the action of the Board of *555 Adjustment and the Borough Council was "arbitrary, capricious and in the abuse of discretion." A lengthy review of the testimony will not be required. Suffice it to say that the applicant for the variance, New Jersey Bell Telephone Company, is a public utility required to supply its services to all who apply. There was affirmative evidence showing that in order to perform this public service, the facility proposed to be built by the telephone company would have to be located within a radius of approximately 200 feet of a fixed spot in the Borough of Jamesburg, and that the lot in question comes within that area, and that no other lot was practically available to the applicant.
We see no cause to upset the action taken below. The complaint is dismissed. An order may be submitted.