**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5420-18T3

UNDERWOOD PROPERTIES,
LLC,

      Plaintiff-Appellant,

v.

PLANNING BOARD OF THE
CITY OF HACKENSACK and
22 W. CAMDEN STREET,
HACKENSACK, LLC,

      Defendants-Respondents.

_____

Argued telephonically May 26, 2020 –
Decided July 17, 2020

Before Judges Messano and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7889-17.

Leonard E. Seaman argued the cause for appellant (Law Offices of Richard Malagiere, PC, attorneys; Richard Malagiere, of counsel; Leonard E. Seaman, of counsel and on the briefs).

Mark J. Semeraro argued the cause for respondent 22 W. Camden Street Hackensack, LLC (Kaufman Semeraro & Leibman LLP, attorneys; Mark J. Semeraro, of counsel and on the brief).

Joseph L. Mecca, Jr., attorney for respondent Planning Board of the City of Hackensack (Joseph L. Mecca, Jr., and Linda F. Kitz, of counsel and on the brief).

PER CURIAM

Defendant 22 W. Camden Street Hackensack LLC (Camden) submitted a development application to the City of Hackensack Planning Board (the Board) proposing construction of a six-story, multi-family residential building on property that currently contained a fully paved parking lot. The property was located within Hackensack's 321 Main Street Redevelopment Plan area and the Downtown Rehabilitation Area Zoning District. The application sought relief from certain bulk zoning regulations, as well as preliminary and final site plan approval.

On July 30, 2017, Camden published notice that its application would be heard at the August 9, 2017 Board meeting. Regarding parking, the notice specified that Camden proposed a total of eighty-two parking spaces, seven of which were not in an enclosed parking garage, but, rather, were on a nearby street. Six of the indoor spaces were "tandem [parking] spaces," which required a variance, and Camden also sought variances from the requirements for parking

A-5420-18T3

space dimensions and parking aisle width, as well as other variances. The notice stated that the application was on file and available for inspection at the Board's offices.

Camden's proposed parking plan had been scrutinized by the Board's retained planning and engineering experts, and their extensive comments were contained in two reports to the Board and served on Camden. The planner noted, for example, that on-street parking was contrary to the redevelopment plan and might impact potential development by a designated redeveloper of nearby property.

On the scheduled meeting date, counsel for Camden appeared at the Board meeting and requested an adjournment. The Board's minutes reflect that it announced the application would be considered at its September 2017 meeting without need for any further notice. In the interim, on August 24, 2017, one of Camden's principals met with Hackensack's mayor, Deputy Mayor, and Director of Redevelopment, all members of the Board. The City's planner was also present.

On September 7, 2017, Camden appeared before the Board and presented testimony regarding its application. During the hearing, Board members raised concerns about the parking plan, particularly as to the size of parking stalls and

proposed on-street parking. The Board's chairman asked about alternatives that did not include on-street parking. Charles Olivo, an engineer retained by Camden, introduced an alternative parking plan, and counsel for Camden stated the alternative plan "took to heart what the concern was for the city[,]" which he later characterized as issues contained in the experts' review reports. The Board unanimously approved the application, including "alternative B to the parking layout[.]" On October 11, 2017, the Board passed a resolution memorializing its approval of the site plan and bulk variances.

Plaintiff, the owner of neighboring property, filed a complaint in lieu of prerogative writs, challenging the Board's approval. Plaintiff specifically alleged the Board's action was arbitrary, capricious and unreasonable, violated provisions of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, Camden's notice was defective under the MLUL, and the August 24 meeting violated and MLUL and the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21. Camden and the Board filed responsive pleadings. The case management order that the judge entered denied plaintiff's "discovery requests."[1]

---

[1] It is unclear from the record what those requests were, or whether the judge heard argument before entering the case management order.

A-5420-18T3

In the interim, plaintiff had issued subpoenas duces tecum and notices of deposition to non-parties Edward Decker and Jerome Lombardo, owners of nearby property, seeking any correspondence related to the development application. Camden moved to quash the subpoenas. Plaintiff provided the court with a certification from Decker, who said that he had conversations with Camden's principal who: 1) confirmed the August 24 meeting with city officials; and, 2) advised that Hackensack would not consider expanding the redevelopment area to facilitate Camden's possible purchase of Decker's property. The judge heard oral argument on the motion to quash and entered an order granting that relief.[2]

Plaintiff moved to amend the case management order by relying on responses it received to a request made pursuant to the Open Public Records Act, N.J.S.A. 47:1A-1 to -13. The responses included emails confirming, among other things, the city officials' attendance at the August 24 meeting. In opposition, Camden submitted a certification from its principal, who stated the meeting was unrelated to the application.

---

[2] We have not been provided with a transcript of the argument, but it is referenced in the court's order.

The judge denied plaintiff's motion and precluded further discovery; however, she ordered that the three Board members who attended the meeting and Camden's principal submit certifications. The Board complied and filed three certifications that are essentially identical. In each, the municipal official stated the August 24 meeting "concerned the terms of the Redevelopment Agreement, the Long-Term Tax Exemption Agreement (PILOT), and the availability of off-street parking with the potential for a PILOP agreement (i.e. a Payment in Lieu of Parking agreement)."

At trial, after considering oral argument, the judge entered judgment affirming the Board's action and dismissing plaintiff's amended complaint. In a comprehensive written opinion, she found that "the Board's finding of adequate notice, and the Board hearing Camden's modified [parking] plan, are supported by the record and satisfied the MLUL." The judge concluded the "alternate parking proposal . . . [submitted] during the hearing did not render it a new application[,]" and "the [B]oard . . . ha[d] the discretion to grant such relief as appropriate under the circumstances." Furthermore, the judge found the August 24 meeting did not violate the OPMA because "a majority of members [were not] present and Board business [was not] discussed." The judge ultimately determined the Board's actions were based on substantial reliable evidence and

6

"were not arbitrary, capricious, or unreasonable[.]"  She entered an order for judgment affirming the Board's decision and dismissing plaintiff's complaint.  This appeal followed.

Plaintiff contends that the August 24 meeting was a violation of the OPMA, the MLUL required Camden's alternate parking plan to have been filed with the Board at least ten days prior to the hearing, and the judge committed reversible error by quashing the subpoenas of Decker and Lombardo and foreclosing depositions of the three Board members who attended the August 24 meeting.  Plaintiff argues that without this discovery, the judge relied upon certifications to find critical facts regarding the subjects discussed at the August 24 meeting.

We have considered these arguments in light of the record and applicable legal standards.  We affirm.

## I.

"The [OPMA] makes explicit the legislative intent to ensure the public's right to be present at public meetings and to witness government in action."  Kean Fed'n of Teachers v. Morell, 233 N.J. 566, 570 (2018) (citing N.J.S.A. 10:4-7).  The statute "is liberally construed in favor of openness[.]"  Burnett v. Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 233 (App. Div.

2009). The OPMA defines "[m]eeting" as a gathering where "the [then present] members of a public body" intend "to discuss or act as a unit upon the specific public business of that body." N.J.S.A. 10:4-8(b); see also S. Harrison, Twp. Comm. v. Bd. of Chosen Freeholders, 210 N.J. Super. 370, 375–76 (App. Div. 1986) ("Even though the purpose of a meeting is to discuss and not to vote on public business, the [OPMA] is applicable." (citing Allan-Deane Corp. v. Twp. of Bedminster, 153 N.J. Super. 114, 119 (App. Div. 1977))). However, a "[m]eeting" does not mean a gathering "attended by less than an effective majority of the members of a public body[.]" N.J.S.A. 10:4-8(b).

In addressing plaintiff's claimed OPMA violation, the judge reasoned that the August 24 meeting was not a meeting as defined by the OPMA, because only three of the nine-member Board were present. She also reasoned that the three municipal officials attending the meeting were members of the Board's Redevelopment Committee and had "dual role[s] and responsibilit[ies,]" because of their official positions.

Plaintiff's brief concedes that the August 24 meeting "does not, on its face, violate the [OPMA]." Nevertheless, plaintiff contends that the judge failed to consider whether Board members present at the August 24 meeting intentionally avoided a quorum while, at the same time, essentially conducted business by

8

reviewing the application. See N.J.S.A. 10:4-11 ("No person or public body shall fail to invite a portion of its members to a meeting for the purpose of circumventing the provisions of this act."). Plaintiff asserts that despite certifications to the contrary, there was circumstantial evidence that the meeting involved discussions of the application because Camden amended the parking plan from that which it originally filed and presented an alternate plan at the Board's September meeting.

However, there was ample reason for Camden to reconsider the proposed parking plan submitted with the application absent the August 24 meeting. As noted, the Board's consultants reviewed the plan and noted several objections and concerns. Camden was aware of this because it received the reports well in advance of the August 24 meeting. Moreover, members of the Board raised concerns about the proposed parking plan during the public meeting. In short, there is insufficient evidence to suggest that the August 24 meeting was an intentional violation of the OPMA.

Plaintiff did not allege in the Law Division, nor has it asserted before us, that the three municipal officials' participation in the August 24 meeting disqualified them from participating and voting in proceedings before the Board. See, e.g., Smith v. Fair Haven Zoning Bd. of Adjustment, 335 N.J. Super. 111,

120 (App. Div. 2000) (cautioning board members from having any ex parte communications with interested parties about a pending application). However, even if plaintiff had made such an argument, it would fail under the particular circumstances of this case.

In Neu v. Planning Bd. of the Twp. of Union, after the board had conducted ten public hearings on a project, representatives of the developer met with the mayor, who was a board member, the board chairman, and the board engineer to discuss alternatives to a controversial water tower suggested by a specially-commissioned report of an independent engineer. 352 N.J. Super. 544, 548–49 (App. Div. 2002). The attendees at the meeting certified to the trial court that the meeting was about, among other things, alternatives to the water tower, which was to be the subject of the next scheduled meeting. Id. at 549.

After the board approved the application, the plaintiffs filed a complaint alleging there was a factual dispute about the "content of the ex parte meeting[.]" Id. at 554. However, we rejected the argument, noting,

> there is no allegation that the meeting violated the [OPMA]. Pursuant to N.J.S.A. 10:4-8b, "meeting" does not mean or include any gathering attended by less than an effective majority of the members of a public body. Here, two of the nine members of the Board and a staff engineer attended the asserted ex parte meeting. The trial court noted that plaintiffs had shown no harm as a result of the meeting. Accepting that the ex parte

> meeting involved discussions about the use of a ground-level water tank as an alternative to the previously proposed water tower, that was nothing new or secret. Moreover, plaintiffs have nowhere alleged that any action was taken or decision made that was not the subject of subsequent public hearings.
>
> [Ibid.]

The same reasoning applies to this case. Even if there were discussion of the parking plan at the August 24 meeting, the Board conducted a fulsome review of the plan at the public meeting, as well as the alternative parking plan proposed at the September meeting, before making any decision. The August 24 meeting provided no basis to set aside the Board's subsequent approval of the development application.

## II.

The MLUL requires notice of public hearings and an opportunity for the public to be heard regarding most development applications. Twp. of Stafford v. Stafford Twp. Zoning Bd. of Adjustment, 154 N.J. 62, 70 (1998). "Any maps and documents for which approval is sought at a hearing shall be on file and available for public inspection at least [ten] days before the date of the hearing . . . ." N.J.S.A. 40:55D-10(b). At the same time, the ten-day requirement "applies only to the first hearing on an application. Where a number of adjourned hearings are held it is not necessary that revised maps and documents

11

be filed ten days prior to such adjourned hearing since the statute is not intended to cover that situation." Cox & Koenig, N.J. Zoning & Land Use Admin., § 14-2.1 at 293 (2020). Amendments may be made to the original application, but where the amended application "is substantially different from the original it may be treated by the board and any reviewing court as a new application." Id. at § 12-3 at 262 (citing Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 38–40 (2013)). Such cases require new notice. Id. (citing Lake Shore Estates, Inc. v. Denville Twp. Planning Bd., 255 N.J. Super. 580, 592 (App. Div. 1991), aff'd o.b., 127 N.J. 394 (1992)). Where the "central focus" of the application does not change, it is not a substantially new application. Schmidhausler v. Planning Bd. of the Borough of Lake Como, 408 N.J. Super. 1, 11 (App. Div. 2009).

Here, the judge concluded the alternate parking plan was a revision that need not have been filed in advance of the September hearing because the revision did not render Camden's application a substantially new one. We agree.

The focus of the application remained approval of the six-story multi-family residential building. Moreover, the alternate parking plan introduced at the hearing actually eliminated all on-street parking and two on-site tandem parking spaces; it also increased the size of the overwhelming majority of parking spaces and the width of the parking aisle to bring them into conformity

with zoning requirements. We find no basis to set aside the Board's approval on these grounds.

### III.

As already noted, the judge's reasons for limiting discovery are not fully explained by the record. The March 2, 2018 order quashing discovery as to Decker and Lombardo reflects that the motion was orally argued, but we have no transcript, and the order provides no written statement of reasons. The April 13, 2018 order denying depositions of Camden's principal and attorney, the three municipal officials-Board members, and the city planner who attended the August 24 meeting, provided a hand-written statement of reasons.[3] The judge concluded that plaintiff had "demonstrated the undisputed fact" Board members met with Camden's principal "on or about August 24," but that did not "warrant discovery." However, she ordered the attendees at the meeting to file certifications as to the "purpose" of the meeting, "and in what capacity each person attended."

Plaintiff contends the judge abused her discretion by denying discovery as to Decker and Lombardo and limiting discovery from the participants of the

---

[3] Plaintiff also sought the deposition of the city manager, although it is unclear whether he was at the August 24 meeting.

August 24 meeting to certifications. We cannot conclude the two orders reflect a mistaken exercise of discretion that requires reversal.

Complaints in lieu of prerogative writ challenging the actions of a land use board "contemplate the filing of briefs and oral argument following submission of the administrative record, thereby facilitating early disposition." W.L. Goodfellows & Co. of Turnersville, Inc. v. Washington Twp. Planning Bd., 345 N.J. Super. 109, 112 n.1 (App. Div. 2001) (citing Odabash v. Mayor of Dumont, 65 N.J. 115, 121 n.4 (1974); Willoughby v. Planning Bd. of the Twp. of Deptford, 306 N.J. Super. 266, 274 (App. Div. 1997)). The Track IV discovery schedule that provides for 450 days of discovery, see R. 4:24-1(a), and applies to prerogative writ actions, therefore, "is normally inappropriate in in lieu of prerogative writ actions." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 4:69-4 (2020). Nevertheless, when issues outside the administrative record are presented, Rule 4:69-4 provides: "The scope and time to complete discovery, if any, will be determined at the case management conference and memorialized in the case management order." "[T]his provision of the rule leaves the issue to the court for determination on a case by case basis." Pressler & Verniero, cmt. 5.1 on R. 4:69-4.

We review a trial court's discovery order for an abuse of discretion. Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79 (2017). "[A]ppellate courts are not to intervene but instead will defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Id. at 79–80 (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).

Here, plaintiff failed to demonstrate why quashing further discovery from Decker or Lombardo was an abuse of the trial judge's broad discretion to manage the case. Neither one was present at the August 24 meeting, and plaintiff secured a certification from Decker that described a conversation he had with Camden's principal about the meeting.

Denying plaintiff the opportunity to depose any of the municipal official-Board members presents a closer question. However, we cannot conclude the judge's order limiting discovery requires reversal. The certifications that resulted from the judge's order revealed that a meeting took place and the topics of discussion, one of which was the on-street parking proposal. In other words, plaintiff gathered significant information through this limited discovery. Moreover, plaintiff has not suggested what further discovery might have revealed.

Plaintiff further argues that the judge erred in making a factual determination based solely on the certification that the participants of the August 24 meeting did not discuss the application. As already noted, the certifications state to some degree, the parking proposal was, in fact, discussed. We therefore disagree with the judge's blanket conclusion.

However, assuming arguendo those present at the August 24 meeting discussed aspects of the pending applications, for reasons already discussed above, it would not serve as a basis to reverse the Board's resolution and the court's judgment. Neu, 352 N.J. Super. at 554.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-5420-18T3