**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2759-18

LISA BELLANTE and MARC
BELLANTE,

      Plaintiffs-Appellants,

v.

THE BOROUGH OF WANAQUE,
THE ZONING OFFICER OF THE
BOROUGH OF WANAQUE, MKR
ENTERPRISES, LLC d/b/a THE
TREE TAVERN, PROVISION
FOODS, LTD., d/b/a THE TREE
TAVERN, and MIKE RYAN
Individually,

      Defendants-Respondents.

_____

Argued November 12, 2020 – Decided June 25, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3977-15.

Paul V. Fernicola argued the cause for appellants (Paul V. Fernicola & Associates, LLC, attorneys; Paul V. Fernicola, of counsel; Robert E. Moore, on the briefs).

Ronald P. Mondello argued the cause for respondent Board of Adjustment for the Borough of Wanaque.

Heather W. Goldstein argued the cause for respondent Zoning Officer of the Borough of Wanaque (Buglione, Hutton & Deyoe, LLC, attorneys; Heather W. Goldstein, on the brief).

A. Michael Rubin argued the cause for respondents MKR Enterprises, LLC, d/b/a The Tree Tavern, Provision Foods, Ltd., d/b/a The Tree Tavern, and Mike Ryan (The Law Offices of A. Michael Rubin, attorneys; A. Michael Rubin, on the brief).

Durkin & Durkin, attorneys for respondent Borough of Wanaque, join in the briefs of co-defendants-respondents.

PER CURIAM

Plaintiffs Lisa and Marc Bellante appeal from two orders: an August 9, 2018 amended order dismissing the first amended complaint with prejudice, and a January 25, 2019 order denying their motion for reconsideration. Having reviewed the record, and considering the applicable law, we affirm.

We discern the following facts from the lengthy record before us. In 2002, defendant Michael Ryan, who at the time was acting president of defendants MKR Enterprises, LLC (MKR) and Provision Foods, Ltd. (Provision Foods),[1]

---

[1] Unless indicated otherwise, we collectively refer to these parties as defendants.

purchased the subject property in the Borough of Wanaque (Borough), seeking to operate a bar and restaurant called the Tree Tavern (Tavern). That year, Provision Foods obtained a liquor license for the Tavern to sell alcoholic beverages. The Tavern is a 41,697 square-foot property, upon which a residential dwelling and a restaurant-bar is situated. Under Ordinance No. 1-77-79, which was adopted in 1954 and amended in 1979, the "Tavern is located in the R-15 Medium Density Residence District Zone," within which single-family dwellings, places of worship, and certain buildings and structures for public use may be built.

Plaintiffs own a home that is directly adjacent to the Tavern. Plaintiffs purchased the home from Lisa Bellante's mother, and her family has owned the house since 1951.

In February 2002, Jeffery Brusco, a zoning officer for the Borough, sent a letter to Kathy Falone, the Borough's Clerk, informing her any outdoor service of food or alcohol would require a use variance. In 2005, Ryan applied for variances to renovate the Tavern for residential and commercial purposes that are unrelated to the present dispute. In October of that year, the Board passed Resolution 15-04, approving Ryan's application subject to certain conditions. Brusco inspected the property and issued a certificate of occupancy. He took no

3

action with regard to the Tavern serving food and alcohol outdoors other than informing Ryan that it was his "opinion that food and drink were not permitted in the outside area."

In April 2010, the Borough's attorney sent a letter to Falone informing her that there was no indication that the Tavern's liquor license extended to outdoor seating areas and a place-to-place transfer was required. Brusco then sent Falone another letter stating that the Tavern could only continue outdoor dining if Ryan obtained a use variance. Shortly thereafter, the Wanaque Police Department cited the Tavern for violating its liquor license by selling alcohol outdoors. The next month, the Borough adopted a resolution renewing the liquor license, which extended the license to the outdoor area of the subject property Later, the Borough passed a resolution allowing the Tavern to continue serving both food and alcohol outdoors, subject to "conditions and restrictions related to hours of outdoor use, noise levels, and required communication with local police for gatherings of fifty or more patrons."

In June 2013, the Borough passed an additional resolution extending the operating hours for the Tavern's outdoor dining, abolishing the need for the Tavern to notify police about gatherings of fifty or more customers outdoors,

and permitting the use of outdoor entertainment. Since then, the Tavern has offered outdoor dining.

On November 20, 2015,[2] plaintiffs filed a verified complaint for an action in lieu of prerogative writs and an order to show cause (OTSC) against defendants. Plaintiffs sought to bar defendant MKR from continuing the nonconforming use of outdoor dining activities on the subject property; to enforce the conditions that had been imposed in Resolution 15-04; and compensatory damages both because defendant MKR's actions constituted a nuisance and encroached on plaintiffs' property. On December 18, 2015, Assignment Judge Ernest M. Caposela entered an order granting plaintiffs' OTSC with restraints, enjoining defendant MKR from serving either food or alcohol outdoors. Defendant MKR moved for a rehearing and to vacate the OTSC, which was denied as untimely.

---

[2] Prior to filing the complaint, plaintiff sent a letter to the Borough and the Tavern, alleging that the Tavern had improperly expanded the hours during which it was selling food and alcohol outdoors. The letter also alleged that the service of "alcohol was not in existence prior to the 1979 ordinance which prohibited such activities in the R[-]15 zone." The Borough replied, asserting that the service of food and alcohol in outdoor area had predated the 1979 ordinance.

A-2759-18

A pre-trial conference was conducted on May 12, 2016, before Judge Caposela. That same day, he entered an order staying plaintiffs' complaint,[3] and remanding the matter to the Board for a "determination as to the nature of the preexisting use, prior to 1979, of the property." There was no objection to this order. Thereafter, defendants made an application to the Board seeking an "interpretation of the expansion of the pre-existing non[]conforming restaurant use pursuant to N.J.S.A 40:55D-70(b) including outdoor eating and drinking" or, in the alternative, a "use variance to allow an expansion of the pre-existing non[]conforming use pursuant to N.J.S.A. 40:55D-70(d)(2)."

Between September 2016 and October 2017, numerous hearings were conducted before the Board on defendants' application. We summarize the relevant facts adduced at those hearings. Ryan testified that, prior to purchasing the property in 2002, a restaurant called "Andrew's Hideaway" had existed on the premises for twenty-five years. Ryan introduced stationary from Polly's Bar & Grill, Inc., which had owned and operated a restaurant on the subject property prior to Andrew's Hideaway, into evidence. According to the stationary, "Polly's Bar & Grill, Inc. was founded in 1922 as the Villa Genova Restaurant." The stationary indicated that, in addition to serving food and beverages, it had an

_____

[3] The order did not, however, stay the injunction.

"[o]utdoor picnic grove." Ryan also introduced a 1951 lease, which showed that Polly's Bar & Grill, Inc. had used "a portion of the adjacent property for picnic use."

At a different hearing, James Herrick testified that his father would regularly take him to Polly's Bar & Grill, Inc. in the 1950s. He indicated that recreational sporting clubs would often meet there and have their outdoor picnics or clam bakes. On cross-examination, Herrick acknowledged that the outdoor bar structure was not present at the property prior to 1979. Joseph Berkemyer testified that people would play bocce and have picnics during the early 1950s and 1960s. Berkemyer testified that food and alcohol were often served during the picnics. Kathy Assidio, who has lived near the subject property for sixty-four years, testified that there was no outdoor bar or seating on the property. She also indicated that there was no outdoor music, and she never observed outdoor service of food and alcohol. On cross-examination, however, Assidio conceded that, during the 1950s and 1960s, there were parties outside of the subject property where people would consume food and drink.

Following several hearings, the Board concluded, based on the documentary evidence and testimony, that food and drink were being served and consumed on the subject property "since at least 1950." The Board found that

much of the testimony of the objecting neighbors was contradicted "by either themselves or by other more credible and less biased witnesses." The Board also determined that the nonconforming use was "not abandoned," but that it was "illegally expanded."

Following several subsequent hearings, the Board adopted resolution ZBA-2016-05, which granted Ryan and Provision Foods a use variance to expand the pre-existing nonconforming use for outdoor dining, N.J.S.A. 40:55D-70(d)(2), subject to several conditions and restrictions. Crediting Ryan's expert, the Board found the property "is particularly well suited for the proposed use based on its unique configuration, pre-existing use, physical location, environmental characteristics, the detention system, landscaping and major aesthetic improvements to the site." The Board balanced positive and negative criteria, see Sica v. Bd. of Adjustment, 127 N.J. 152, 156 (1992), and determined Ryan and Provision Foods had met its burden of proof warranting the issuance of a variance.

On March 15, 2017, plaintiffs moved to invalidate the Board's determination that a pre-existing nonconforming use permitted the Tavern to

expand its outdoor dining or, alternatively, for a stay of any further proceedings by the Board. On April 17, 2017, Judge Caposela denied plaintiffs' motion.[4]

On December 19, 2017, plaintiffs moved to file an amended complaint. The next day, defendant MKR moved to vacate the injunctions preventing it from serving food and alcohol outdoors. That same day, plaintiffs requested Judge Caposela proceed in a summary manner, R. 4:67-1, with respect to two legal determinations made by the Board: first, that plaintiffs did not waive the argument that defendants were statutorily time-barred under N.J.S.A. 40:55D-72(a); second, that the controlling date upon which the Board's decision rested was not 1979. On January 8, 2018, Judge Caposela granted defendant MKR's motion to vacate the injunctions.

On January 12, 2018, Judge Caposela granted plaintiffs' request to file an amended complaint. That same day, Judge Caposela entered a case management order permitting plaintiffs "to proceed . . . in a summary manner to determine whether the actions taken" by the Board permitting defendant MKR to provide outdoor service of food and alcohol were "arbitrary and capricious." Plaintiffs amended the complaint to proceed by way of an action in lieu of prerogative

---

[4] No statement of reasons accompanied that order.

writs, adding the Board as a defendant and requesting that the adoption of ZBA-2016-05 be declared arbitrary or capricious.

On August 1, 2018, following oral argument, Judge Caposela entered an order denying plaintiffs' requests. He issued an eleven-page written opinion setting forth his findings of fact and conclusions of law. On August 9, 2018, Judge Caposela issued an amended order dismissing plaintiffs' complaint with prejudice.

On August 22, 2018, plaintiffs moved to reconsider the amended order dismissing their complaint with prejudice. Plaintiffs argued that their application merely sought to clarify these issues, and that the issues raised in their first amended complaint were not yet before the court. On January 25, 2019, following oral argument, Judge Caposela denied plaintiffs' motion for reconsideration and expressed his reasoning in a cogent, written opinion. In rejecting plaintiffs' argument that the application to the Board of Adjustment was time-barred, he determined it was not possible for defendant MKR to appeal Brusco's determinations because defendant MKR was not properly served with copies of the letters. Judge Caposela found that, as presented, the record was "adequate" to decide the issues raised in plaintiffs' complaint and, moreover, the issues were "subsumed within the . . . determination of whether . . . ZBA-2016-

10

15 was . . . arbitrary, capricious, or unreasonable." He concluded plaintiffs had failed to establish that he rendered his decision on a "palpably incorrect" basis or "failed to consider significant probative evidence," and that the Board's "findings were not arbitrary, capricious, or unreasonable."

On appeal, plaintiffs raise the following arguments for our consideration:

> POINT I
>
> THE APPELLATE DIVISION SHOULD EXERCISE ITS ORIGINAL JURISDICTION TO INVALIDATE RESOLUTION ZBA-2016-05.[5]
>
> POINT II
>
> THE TRIAL COURT ERRED DISMISSING [PLAINTIFFS'] FIRST AMENDED COMPLAINT IN ITS ENTIRETY WITH PREJUDICE.[6]
>
> POINT III

---

[5] We conclude that this argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

[6] It was within the judge's discretion to summarily dispose of the case. "[A]ctions in lieu of prerogative writ, which pertain to zoning and planning board decisions, contemplate the filing of briefs and oral argument following submission of the administrative record, thereby facilitating early disposition." W.L. Goodfellows & Co. of Turnersville, Inc. v. Wash. Twp. Plan. Bd., 345 N.J. Super. 109, 112 n.1 (App. Div. 2001) (citing Odabash v. Mayor of Dumont, 65 N.J. 115, 121 n.4 (1974)). In dismissing plaintiffs' complaint, the court received the parties' briefs, heard oral argument, and had before it the complete administrative record, including all of the transcripts from the Board.

[DEFENDANTS] . . . FAILED TO MEET THE [EVIDENTIARY] STANDARD TO ESTABLISH A PRE[-]EXISTING NONCONFORMING USE.

POINT IV

THE TRIAL COURT ERRED IN NOT RULING THAT DEFENDANT MKR'S APPLICATION TO THE ZONING BOARD WAS TIME-BARRED.
POINT V

DEFENDANT MK[R] UTILIZED THE INCORRECT ORDINANCE DATE WHICH INVALIDATES RESOLUTION ZBA-2016-05.

A municipal entity's "decision is 'invested with a presumption of validity,'" 62-64 Main St., L.L.C. v. Mayor and Council of Hackensack, 221 N.J. 129, 157 (2015) (quoting Levin v. Twp. Comm. of Bridgewater, 57 N.J. 506, 537 (1971)), and "[t]he challenger of municipal action bears the 'heavy burden' of overcoming this presumption." Vineland Constr. Co. v. Twp. of Pennsauken, 395 N.J. Super. 230, 256 (App. Div. 2007) (quoting Bryant v. City of Atlantic City, 309 N.J. Super. 596, 610 (App. Div. 1998)). As long as the board's actions are "supported by substantial evidence in the record, [we are] bound to affirm that determination." 62-64 Main St., 221 N.J. at 157 (citing Gallenthin Realty Dev., Inc. v. Borough of Paulsboro, 191 N.J. 344, 372-73 (2007)).

"When reviewing a trial court's decision regarding the validity of a local board's determination, 'we are bound by the same standards as was the trial

12

court.'" Jacoby v. Zoning Bd. of Adjustment of the Borough of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., LLC v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). A court "may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002)). "We give deference to the actions and factual findings of local boards and may not disturb such findings unless they were arbitrary, capricious, or unreasonable." Jacoby, 442 N.J. Super. at 462. In contrast, a board's decision concerning a question of law "is subject to a de novo review by the courts and is entitled to no deference since a zoning board has 'no peculiar skill superior to courts' regarding purely legal matters.'" Dunbar Homes, Inc. v. Zoning Bd. of Adjustment of Franklin, 233 N.J. 546, 559 (2018) (quoting Chicalese v. Monroe Twp. Planning Bd., 334 N.J. Super. 413, 419 (Law Div. 2000)).

Preliminarily, we reject plaintiffs' contention that Ryan's application was time-barred pursuant to N.J.S.A. 40:55D-72(a). That provision, which applies to "any decision of an administrative officer," does not apply under these circumstances because Brusco's letters were unquestionably not "decisions." The statutory provisions of the Municipal Land Use Law, N.J.S.A. 40:55D-1 to

13

-163, support this conclusion. No formal hearings were conducted prior to Brusco sending the letters. See N.J.S.A. 40:55D-10(g). Nor were the letters published or circulated in the municipality. See N.J.S.A. 40:55D-10(i). In short, Ryan's application was not time-barred and was properly before the Board.

Plaintiffs do not challenge the Board's decision to grant a variance under N.J.S.A. 40:55D-70(d)(2). Rather, plaintiffs narrowly focus on the Board's determination of the controlling date of the ordinance. We conclude, as Judge Caposela did, that irrespective of the controlling date used by the Board, there was substantial evidence in the record that both food and alcohol were served and consumed outdoors since the early 1950s. Ryan introduced stationary which indicated that Polly's Bar & Grill, Inc. had operated an "[o]utdoor picnic grove" on the subject property since 1922. Ryan also submitted a 1951 lease which showed that Polly's Bar & Grill, Inc. had used a "portion of the adjacent property for picnic use." Herrick testified that his father would regularly take him to Polly's Bar & Grill, Inc. in the 1950s and that recreational sporting clubs would often meet to have outdoor picnics and clambakes. Berkemyer testified that people would play bocce and have picnics during the early 1950s and 1960s. Berkemyer explained that food and alcohol were often served during the picnics. Even one of the objectors conceded that during the 1950s and 1960s, there were

14

parties outside of the subject property where people would consume food and drink. Accordingly, the Board's finding that outdoor service on the subject property was a pre-existing nonconforming use was amply supported by the record and its decision to grant a variance was therefore not arbitrary, capricious, or unreasonable.

To the extent not addressed, plaintiffs' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2759-18